**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3212
_____

SHUN QIANG OU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-427-442)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2011
Before:  MCKEE, Chief Judge, SMITH and GARTH, Circuit Judges

(Opinion filed: May 23, 2011)
_____

OPINION
_____

PER CURIAM

Shun Qiang Ou petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen his immigration proceedings.  For the reasons that

follow, we will deny the petition.

Ou is a native and citizen of the People's Republic of China who entered the United States in 2005. He was later placed in removal proceedings for having entered the United States without being admitted or paroled. Ou conceded removability and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT") on the basis of his wife's forced sterilization, his physical resistance to the officials who forced the sterilization, and his fear of future persecution for opposing China's coercive family planning policy. The Immigration Judge ("IJ") denied relief in 2008. The BIA affirmed the IJ's decision in October 2009, and Ou did not petition this Court for review.

Instead, Ou filed a motion for reconsideration and remand a few weeks later in which he sought relief based on a new claim. He alleged that he had become a practitioner of Falun Gong a few months after the IJ denied his asylum application and that he feared he would be abused on account of it if he returned to China. The BIA construed the motion as a timely motion to reopen the proceedings and denied it. Acknowledging that Ou had submitted a statement that he feared he would be "arrested, detained and abused" in China for practicing Falun Gong, as well as an affidavit from a neighbor attesting to Ou's practice of Falun Gong, the Board concluded that Ou had nonetheless failed to provide "evidence of current country conditions" with his motion and that the existing administrative record lacked "objective evidence of conditions in

2

China." The BIA therefore determined that Ou had failed to provide "new evidence that would likely alter the outcome of this case." Ou now petitions this Court to review the BIA's most recent decision.

In a motion to reopen that is timely filed, an alien must make a prima facie showing that he is entitled to asylum or similar relief. Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). That is, "the alien must produce objective evidence that, when considered together with the evidence of record, shows a reasonable likelihood that he is entitled to relief." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010). We review the denial of a motion to reopen for an abuse of discretion and will not disturb the decision unless it is found to be "arbitrary, irrational, or contrary to law." Guo, 386 F.3d at 562.

To qualify for asylum on the basis of a well-founded fear of future persecution for practicing Falun Gong, Ou had to show both a genuine, subjective fear and an objectively reasonable basis for that fear. Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). As noted above, the only evidence Ou submitted in support of his motion was the affidavit from a neighbor and Ou's own statement that he feared he would be persecuted "just like all other Falun Gong practitioners whom [sic] were arrested in China." This evidence may establish Ou's subjective fear of persecution, but it does not establish an objective basis for his fear of future persecution. Ou argues that the statement satisfies the objective component because he alleged that a co-worker told him that her husband was arrested and "abused" for practicing Falun Gong and that the Chinese Government wants

3

to "suppress" Falun Gong. This secondhand allegation of mistreatment is devoid of any detail and too vague to satisfy Ou's burden of showing that a reasonable person in his circumstances would fear persecution if returned to China. For example, there are no details about how his co-worker's husband had been "abused," or when or where in China this occurred. So the statement provides no basis from which to conclude both that the husband had been subjected to treatment that rose to the level of persecution, see Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993) ("the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional"), and that it is reasonable for Ou to fear that he would endure a similar fate. The record of the removal proceedings does not fill the gap in objective evidence because no evidence regarding the treatment of Falun Gong practitioners, contemporaneous or otherwise, was provided by either party. Ou thus failed to make a prima facie showing that he is entitled to asylum because he failed to present evidence establishing an objectively reasonable basis for his fear of future persecution.[1]

Accordingly, the BIA did not abuse its discretion by denying the motion to reopen.

In light of the above, we will deny the petition for review.

---

[1] Because the threshold for asylum is lower than the threshold for withholding of removal, Ou's inability to show a likelihood of success on his asylum claim undermines his withholding claim. And as the analysis regarding future persecution should make clear, he has not presented sufficient reasons to conclude that he would more likely than not be subjected to torture if he returned to China.

4